Bucknam *v.* Bucknam & als.

---

## BUCKNAM *vs.* BUCKNAM *&* als.

In a warrant issuing from the Court of Probate to Commissioners, they were directed to appraise *all the estate* of the deceased, and after assigning to the widow her dower, they were to distribute *the remainder* to and among his children. In their return which was duly accepted, they stated that, in pursuance of the authority conferred they had appraised all the estate of the deceased, and had divided it as directed, each parcel of which they particularly described. The lands contiguous to the County road, were represented as bounded upon it. *Held,* that the fee of the road, subject to the public easement, was thereby divided, those owning the lots contiguous to it and on opposite sides going to the centre of the road.

THIS was a petition for partition of certain lands belonging to the estate of *John Bucknam.* The facts in the case are suffi-

ciently stated in the opinion of the Court; the principal question being, whether, under the circumstances of this case, the fee of the County road running through the lands of said *John Buck-nam,* passed, in a division of the estate, to those who had lots assigned them contiguous to it, and bounded upon it.

And to this point, *Chase* for the respondents, cited the following authorities: *Witham* v. *Cutts,* 4 *Greenl.* 31 ; *Lunt* v. *Holland,* 14 *Mass.* 149 ; *Hatch* v. *Dwight,* 17 *Mass.* 289.

*Hamlin,* for the petitioner, insisted that the road was excluded in the division, and cited *Fairfield* v. *Williams & al.* 4 *Mass.* 427 ; *Tippets* v. *Walker & al.* 4 *Mass.* 595 ; *Perley* v. *Chandler,* 6 *Mass.* 454 ; *Perkins & al.* v. *Pitts,* 11 *Mass.* 127 ; *McNaughton* v. *Loomis,* 18 *Johns.* 18 ; *Sibley* v. *Holden,* 14 *Pick.* 249 ; *Gates* v. *Hathaway,* 15 *Johns.* 447 ; *Dunlap* v. *Stetson,* 4 *Mason,* 349.

WESTON C. J. — The claim of the petitioner is founded upon the assumption, that the fee of the county road, subject to the easement, has not been divided among the heirs, and he entitles himself to four shares or seventh parts, one in his own right, and three by purchase from the other heirs. If the land described in the petition, has not been divided, the petitioner is entitled to the portion he claims.

And it is contended that this land, which in the division of the estate is called the county road, remains undivided, because the heirs, to whom the contiguous lands were assigned, were bounded by and on the road, and a tract set off and assigned to *William Backnam,* was bounded on the south side of the road. Authorities have been cited to show, that where land is bounded on a stream, it extends by construction of law to the middle or thread of the stream. And this doctrine is attempted to be applied by analogy, to land bounded on a road, which it is said should be extended to the centre of the road. But this principle has not been adopted in Massachusetts, as appears from cases cited for the petitioner.

The heirs hold respectively, in virtue of a division made under the authority of the Judge of Probate. The return made by the commissioners and accepted by the court, should be liberally and

favorably construed, to give effect to the intention fairly deducible from it. In their warrant, they were directed to appraise all the real estate of the deceased, and after assigning to the widow her dower, they were to distribute the remainder to and among his children. In their return, they set forth, that in pursuance of their authority, they have appraised under oath all the real estate, of which he died seised, each parcel of which they particularly describe. And the lands contiguous to the county road are in the appraisement represented as bounded upon it, as they are in the division, which follows, among the heirs. The aggregate of the lands appraised, which they say embraced the whole estate, they proceeded to apportion to the widow and children. It is manifest then that they did not intend to leave any part of the estate undivided. They returned affirmatively that they had appraised the whole; and what they appraised they divided. The road itself is no where made the subject of a distinct estimate, nor is it in terms assigned to any of the heirs. The return is accepted and allowed by the judge ; being, as he states, presented to him as a division of the real estate of the deceased.

In *Sibley* v. *Holden*, 10 *Pick.* 249, two tenants in common of land, through which a road passed, made partition by deeds of release. To the one was assigned the land on one side of the road, and to the other the land upon the opposite side, and each was bounded by the road. The opinion of the court was, that the parties did not intend to divide the road. But had it appeared that they intended to make partition of their entire interest, they acknowledge that it would have afforded a very strong argument against any construction, which would treat the road as excluded from the partition.

In all instruments, the lawful intentions of the parties expressed, or fairly implied, are to be carried into effect. From, is generally a term of exclusion, yet it may include the time or place, to which it refers, where the context and subject matter require that construction. *Pugh et ux. v. the Duke of Leeds, Cowper,* 714; *Brunswick v. McKean,* 4 *Greenl.* 508. It does not appear to us that by or to, or on one side, north or south, are stronger terms of exclusion than from, or that they are not equally suscep-

tible of receiving a construction, which shall include the *terminus,* to which they refer. If then the whole estate was appraised and divided, and intended so to be, as is expressly stated by the commissioners, to whom does the fee of the county road belong? We think to the owners of the contiguous land, each going to the centre ; for the land of each is on opposite sides, and each has an equal right to the road.

This is not a stronger case of construction, than obtained in *Witham v. Cutts,* 4 *Greenl.* 31, which depended upon a division of land made by commissioners, appointed by the Judge of Probate. It is there intimated, that if a deed had been given, by the owners of the land of each parcel, by the description used by the commissioners, the whole of the land might not have been embraced ; but the whole was holden to have been divided ; such being evidently the intention of the commissioners.

It results that the petitioner, having failed to make out the title, upon which he relies, can take nothing by his petition.